**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ROBERT KHETHER MCKANY,

Defendant - Appellant.

No. 14-50483

D.C. No. 3:13-cr-00668-WQH-1

MEMORANDUM[*]

Appeal from the United States District Court
for the Southern District of California
William Q. Hayes, District Judge, Presiding

Argued and Submitted March 9, 2016
Pasadena, California

Before: PREGERSON, PAEZ, and NGUYEN, Circuit Judges.

Robert Khether McKany appeals the denial of his motions to suppress

evidence relating to his conviction, pursuant to a conditional guilty plea, of two

counts of violating 18 U.S.C. § 2252. McKany also appeals the district court's

denial of his motion to vacate one of his two convictions, for receipt of child

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

pornography and possession of child pornography, on double jeopardy grounds. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we reverse in part, affirm in part, and remand for further proceedings.

We reverse the district court's denial of McKany's motion to suppress his statements to law enforcement officers during a search of his home. The Fifth Amendment provides that "[n]o person . . . shall be compelled in any criminal case to be a witness against himself . . . ." U.S. Const. Amend. V. Before any interrogation that occurs in a custodial setting, a suspect must be advised of his or her Fifth Amendment rights as required by *Miranda v. Arizona,* 384 U.S. 436, 444–45 (1966). The parties do not dispute that Homeland Security officers interrogated McKany in his home without advising him of his *Miranda* rights.

The government argues that the officers were not required to advise McKany of his *Miranda* rights because he was not in custody at the time of the interrogation. We disagree. In *United States v. Craighead*, 539 F.3d 1073, 1083 (9th Cir. 2008), we held that the "benchmark for custodial interrogations in locations outside of the police station" is whether or not the interrogation occurred in a "police-dominated atmosphere." In the present case, the atmosphere was plainly police-dominated. Officers swarmed into McKany's home at 6:30 a.m. in full tactical gear and with guns drawn. In *Craighead*, there were eight law

2

enforcement officers conducting the search; in the present case, eight to ten officers initially entered the house, and fourteen officers were ultimately involved in executing the search warrant. *See id.* at 1085. McKany was handcuffed prior to the interrogation, and officers had to help him into a pair of pants while he was handcuffed, since he was not fully dressed. When McKany told the officers that he needed to use the bathroom, they escorted him to his father's bathroom and watched him through the open door. *See Craighead*, 539 F.3d at 1085–86. McKany was also isolated from others: his father was not permitted to go inside when the officers first arrived (although he then left voluntarily), and the officers closed the door of the bedroom where McKany was being interviewed.

The officers informed McKany that he was free to leave or terminate the interview, but, as the court in *Craighead* pointed out, "[i]f a reasonable person is interrogated inside his own home and is told he is 'free to leave,' where will he go? The library? The police station? . . . . To be 'free' to leave is a hollow right if the one place the suspect cannot go is his own home." *Id.* at 1083. In addition, McKany initially expressed some hesitation about speaking with the officers. The officer's advisal that McKany was free to leave occurred in the context of a fourteen-agent search where McKany was initially handcuffed and his movements were closely monitored and controlled. Considering the totality of the

3

circumstances, a reasonable person in McKany's position would not have felt free to leave.  *See United States v. Brobst*, 558 F.3d 982, 995 (9th Cir. 2009).  Thus, we hold that McKany was in police custody at the time of the interrogation.  Because the officers failed to inform McKany of his *Miranda* rights prior to the interrogation, the district court erred in denying McKany's motion to suppress his statements to the officers.

McKany also argues that the district court should have suppressed evidence obtained pursuant to a search warrant that provided for a ninety-day window for officers to search McKany's computers after imaging.  The officer responsible for searching the computers waited ninety-one and ninety-two days after imaging McKany's three computers before requesting an extension of time, which was then granted.  The officers were diligent in executing the search of McKany's computers and seeking extensions of the warrants, and McKany has not demonstrated that he was prejudiced as a result of any violation of Federal Rule of Criminal Procedure 41.  *See United States v. Martinez-Garcia*, 397 F.3d 1205, 1213 (9th Cir. 2005).  In addition, the rule violation does not rise to a "constitutional magnitude."  *Id.*  Thus, the district court did not err in denying McKany's motion to suppress the evidence obtained from McKany's computers.

Next, McKany contends that his convictions for possession and receipt of child pornography violate the Double Jeopardy Clause. *See* U.S. Const. Amend. V. The offense of possessing child pornography is a lesser included offense of the receipt of child pornography, and defendants may not be punished twice when these offenses are supported by "the same conduct." *United States v. Davenport*, 519 F.3d 940, 947 (9th Cir. 2008). Here, McKany pleaded guilty to separate conduct underlying each charge. Specifically, McKany's conviction for possession of child pornography was premised on his possession of at least 180 videos and 2,338 images that were not included in the receipt charge. Because McKany pleaded guilty, there is no potential uncertainty as to which images or videos McKany was convicted of possessing. *See United States v. Overton*, 573 F.3d 679, 695–98 (9th Cir. 2009). The district court did not err in concluding that McKany's convictions did not violate the Double Jeopardy Clause.

For the foregoing reasons, we reverse the denial of McKany's motion to suppress his statements to the officers during the search of his home. We affirm the denial of his motion to suppress evidence obtained pursuant to an extended search warrant, and we affirm the district court's refusal to vacate one of McKany's convictions on double jeopardy grounds. We remand to the district court for further proceedings consistent with this disposition.

5

**REVERSED in part, AFFIRMED in part, and REMANDED.**